# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3641

_____

United States of America

*Plaintiff - Appellee*

v.

Patrick A. Goodloe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas

_____

Submitted: October 21, 2024
Filed: February 27, 2025
[Unpublished]

_____

Before LOKEN, SMITH, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Patrick A. Goodloe pled guilty pursuant to a plea agreement, in which he waived certain rights, including the right to have his sentence modified under 18 U.S.C. § 3582(c)(2). He now appeals following the district court's[1] denial of a

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

sentence reduction based on his waiver. Goodloe acknowledges his plea agreement contained a § 3582(c)(2) waiver but argues enforcing the waiver would result in a miscarriage of justice and that he is eligible for a sentence reduction.

"We review the validity and applicability of an appeal waiver *de novo*." *United States v. Williams*, 81 F.4th 835, 839 (8th Cir. 2023). Even when an appeal falls within the scope of a waiver and the defendant entered into both the waiver and plea agreement knowingly and voluntarily, "we will not enforce a waiver where to do so would result in a miscarriage of justice." *United States v. Andis*, 333 F.3d 886, 889–90 (8th Cir. 2003) (en banc). Because "we recognize that these waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts," we have cautioned that the miscarriage of justice exception "is a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid." *Id.* at 891. We have stated the narrow miscarriage of justice exception may apply to illegal sentences, sentences that violate the terms of an agreement, and claims asserting ineffective assistance of counsel. *See id.*

Goodloe does not argue his sentence was illegal, violated the terms of his agreement, or resulted from ineffective assistance of counsel. Instead, he argues the miscarriage of justice exception applies because he was not adequately advised of the legal implications of the § 3582(c)(2) waiver. He claims he did not understand his plea agreement and did not receive a copy of it before the change of plea hearing. At the change of plea hearing, Goodloe's counsel stated he reviewed the plea agreement with Goodloe a couple of times. The district court also allowed Goodloe to read it, and Goodloe confirmed he received a copy and understood it. Enforcing the waiver would not result in a miscarriage of justice.

The judgment is affirmed.

_____

-2-